UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JAMES ARMAND,

                Plaintiff,

      -v-                                            13-CV-5(Sr)

C.O. MOSKO, et al.,

                Defendants.

---

## DECISION AND ORDER

Plaintiff, James Armand, formerly an inmate at the Southport Correctional Facility, filed this *pro se* action on August 25, 2011 in the United States District Court for the Eastern District of New York, seeking relief under Title 42, United States Code § 1983 claiming that the defendants, officials and employees of the New York State Department of Corrections and Community Supervision, violated his constitutional rights in a number of ways.  Dkt. #1.

Currently before the Court is plaintiff's motion for appointment of counsel. Dkt. #35.  Plaintiff's motion consists of a single-page form "Application for Appointment of Counsel."  In support of his motion, plaintiff states,

> I was told by many attorneys that the Attorney General don't [sic] settle these cases as well as they don't like to take on cases started pro-se.
>
> Currently as a direct result, I was awarded social security for my disability, currently in care of an othopedic [sic] surgeon, Neuroligist [sic] Doctor, physical therapy, psychotic

> medicatin [sic] therapy the information within my claim
> should award me an attorney.

Dkt. #35.

There is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants.  *See, e.g.*, *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988).  Assignment of counsel in this matter is clearly within the judge's discretion.  *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984).  The factors to be considered in deciding whether or not to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts concerning his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "volunteer lawyer time is a precious commodity." *Cooper v. A. Sargenti Co. Inc.*, 877 F.2d 170, 172 (2d Cir. 1989).  Therefore, the Court must not allocate *pro bono* resources "arbitrarily, or on the basis of the aggressiveness and tenacity of the

claimant," but should instead distribute this resource "with reference to public benefit." *Id.* Moreover, the Court must consider the "likelihood of merit" of the underlying dispute, *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

This action is in its early stages. In fact, this Court has separately granted plaintiff leave to file a motion to amend the complaint by March 31, 2014. Discovery has not even commenced and it is therefore difficult to assess the merits of plaintiff's claim or the public benefit which could be achieved by the appointment of counsel. Accordingly, plaintiff has not established that the appointment of counsel is warranted at this time under the factors set forth above. It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654.

**SO ORDERED.**

DATED:   Buffalo, New York
         February 14, 2014

*s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**