UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ARMAND JAMES n/k/a
TYNESHA K. ARMAND,

        Plaintiff,

        v.                                      13-CV-5(LJV)(MJR)

C.O. MOSKO et al.,

        Defendants.

## ORDER

This case, brought under 42 U.S.C. § 1983, was referred to United States Magistrate Judge Michael J. Roemer pursuant to 28 U.S.C. § 636(b)(1).  On July 22, 2016, Judge Roemer issued a Report and Recommendation, in which he recommended that the defendants' "combined motion for summary judgment/motion to dismiss the complaint [Docket Item 52] be granted in part and denied in part."  Docket Item 77 at 14.  On August 5, 2016, the defendants submitted objections.  Docket Item 78.  The plaintiff did not respond to those objections or submit any of her own, and the time to do so has expired.

To the extent that the defendants object to Judge Roemer's recommendation that this Court deny their motion in part, this Court must perform a de novo review of the "magistrate judge's disposition" and "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1).

In their motion—which the defendants filed in lieu of answering the plaintiff's Amended Complaint (Docket Item 47)—the defendants argued that summary judgment should be granted on the plaintiff's first claim (excessive force) because she failed to exhaust her administrative remedies. *See* Docket Items 52 to 55. Judge Roemer found that argument to be premature, noting that the defendants "primarily relie[d] on evidence outside the four corners of the Amended Complaint" and that the plaintiff had not yet "had the opportunity to request documents or other evidence to support her contention that" grievance procedures were not available to her. *See* Docket Item 77 at 8. Judge Roemer therefore recommended that "the branch of the motion seeking summary judgment on Armand's first claim should be denied without prejudice." *Id.* at 14.

Upon de novo review, and paying particular attention to the plaintiff's sworn statements in Docket Items 47, 66, and 67, the Court adopts that recommendation and Judge Roemer's reasoning in support of it.

In their objections, the defendants repeatedly frame the plaintiff's claims concerning exhaustion as "legally insufficient to defeat summary judgment." *See, e.g.*, Docket Item 78 at 9, 11, 12. They argue that the burden "shift[ed] to Plaintiff to demonstrate that" any failure to exhaust "can be excused." *Id.* at 7. But in support of that proposition, the defendants cite *Gibson v. Fischer*, 2014 U.S. Dist. LEXIS 173795 (N.D.N.Y. Oct. 23, 2014), a report and recommendation (which the defendants' papers fail to label as such) concerning a motion for summary judgment filed *after* discovery had been conducted. Similarly, when arguing that the plaintiff is not entitled an order deferring or denying summary judgment because material facts are unavailable to the non-movant, *see* Docket Item 78 at 15, the defendants cite a case in which the Second

Circuit affirmed the denial of a "motion for an extension of the discovery deadline . . . by a recalcitrant plaintiff, on the eve of expiration of [the] deadline, without a statement of good cause." *Shaheen v. Naughton*, 222 F. App'x 11, 13 (2d Cir. 2007). The case at bar, by contrast, involves a pre-discovery motion for summary judgment against a pro se plaintiff, and the cases cited by the defendants therefore are easily distinguishable.

As the Second Circuit has made clear, "summary judgment should only be granted if '*after discovery*, the nonmoving party has failed to make a sufficient showing.'" *Miller v. Wolpoff & Abramson, LLP*, 321 F.3d 292, 303 (2d Cir. 2003) (quoting *Hellstrom v. U.S. Dep't of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000)) (emphasis in original). "The nonmoving party must have had the opportunity to discover information that is essential to [its] opposition to the motion for summary judgment." *Hellstrom*, 201 F.3d at 97 (internal quotation marks and citation omitted). "Only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery." *Id.* Here, although certain of the plaintiff's statements on exhaustion may be contradictory or conclusory, it is not yet "apparent that [the] plaintiff has failed to exhaust [her] administrative remedies." Docket Item 78 at 18. And that is especially so when those statements are considered as a whole and when the plaintiff is given the deference due to someone proceeding pro se. This Court therefore agrees with Judge Roemer that this is not one of the "rarest of cases" in which pre-discovery summary judgment is appropriate.

With respect to the plaintiff's second claim (retaliation), Judge Roemer recommended that it be dismissed for failure to state a claim except to the extent that it is premised on a false misbehavior report allegedly filed by C.O. McGrain. Docket Item

3

77 at 14.  The defendants objected, arguing that the preserved portion of the plaintiff's second claim had not been alleged in the complaint.  *See* Docket Item 78 at 23.  Upon de novo review, the Court adopts Judge Roemer's recommendation with respect to this claim as well.  The pro se plaintiff's complaint discusses a grievance that she filed based on the alleged retaliation, Docket Item 47 at 8, and, in fact, the documents related to that grievance clearly state that it was based on an allegedly false misbehavior report, *see, e.g.*, Docket Item 67-2 at 26.

With respect to the unobjected-to portions of the recommendation, the Supreme Court has explained that "[i]t does not appear that Congress intended to require" district courts to review them "under a *de novo* or any other standard."  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  This Court nevertheless has carefully reviewed those portions of the recommendation and adopts them as well.

For the reasons set forth above and in Judge Roemer's Report and Recommendation dated July 22, 2016 (Docket Item 77), the defendants' motion for summary judgment/to dismiss (Docket Item 52) is denied without prejudice with respect to the plaintiff's first claim (excessive force) and granted with respect to the plaintiff's second claim (retaliation) *except* to the extent that the second claim is premised on the allegedly false misbehavior report.

IT IS SO ORDERED.

Dated:    January 27, 2017
          Buffalo, New York

                                        *s/Lawrence J. Vilardo*
                                        LAWRENCE J. VILARDO
                                        UNITED STATES DISTRICT JUDGE