UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

TYNESHA KANDI ARMAND,

    Plaintiff,

    v.                                          13-CV-5
                                              DECISION AND ORDER
C.O. MOSKO, et al.,

    Defendants.

---

On 2011, Tynesha Kandi Armand ("the plaintiff" or "Armand") commenced this action in the United States District Court for the Eastern District of New York. Docket Item 1. The Eastern District severed part of the plaintiff's case and transferred it to this Court in 2013. Docket Item 33. Thereafter, Armand filed an amended complaint in this Court with two claims: (1) excessive force by defendants "C.O. Mosko, Sgt. Calleri, Sgt. J. Jones, and C.O. D. Williams" occurring at Five Points Correctional Facility ("Five Points") on May 17, 2011; and (2) retaliation by defendant "C.O. M. McGrain" at Southport Correctional Facility in late 2011 or early 2012. Docket Item 47. On January 16, 2016, United States District Judge Richard J. Arcara referred this case to United States Magistrate Judge Michael J. Roemer for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Docket Item 73. The case was later transferred from Judge Arcara to the undersigned. Docket Item 73.

On July 22, 2016, Judge Roemer issued a Report and Recommendation ("R&R1") recommending the denial of the defendants' motion to dismiss Armand's excessive force claim as well as part of her retaliation claim against McGrain for filing a

false, retaliatory misbehavior report. Docket Item 77. In R&R1, Judge Roemer found that the defendants' argument that Armand failed to exhaust her administrative remedies on the excessive force claim was premature. *Id.* at 6-9. This Court adopted the recommendations in RR1 in 2017, and the matter was returned to Judge Roemer consistent with the referral order. Docket Item 80.

After exchanging paper discovery and taking Armand's deposition, the parties requested an evidentiary hearing on the limited issue of whether Armand had exhausted her administrative remedies concerning her excessive force claim. Docket Item 105. On October 30, 2018, Judge Roemer presided over that hearing. Armand and Patrick O'Neill, the Inmate Grievance Program Supervisor at the facility where the plaintiff was incarcerated, both testified. Docket Item 106. Judge Roemer also admitted defense exhibits 1-10, 12-15, and 25 into evidence. *Id.*

The parties filed post-hearing memoranda, Docket Items 107-110, and Judge Roemer heard oral argument on March 20, 2019, Docket Item 114. On April 11, 2019, Judge Roemer issued a Report and Recommendation ("R&R2") finding that Armand did not exhaust her administrative remedies with respect to her excessive force claim and recommending that her claim be dismissed. Docket Item 115. Counsel for Armand moved for additional time to object to R&R2, Docket Item 116, and the time to file objections was extended to May 13, 2019. Docket Item 117. But neither party objected to R&R2, and the time to do so now has expired. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court

must conduct a de novo review of those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. See Thomas v. Arn, 474 U.S. 140, 149-50 (1985).

Although not required to do so in light of the above, this Court nevertheless has reviewed Judge Roemer's R&R2 as well as the parties' submissions to him. Based on that review and the absence of any objections, the Court accepts and adopts Judge Roemer's recommendation to dismiss the plaintiff's excessive force claim because she failed to exhaust her administrative remedies.

For the reasons stated above and in R&R2, the plaintiff's excessive use of force claim against defendants Mosko, Calleri, Jones and Williams is dismissed and the case is referred back to Judge Roemer for further proceedings consistent with the referral order of January 16, 2016, Docket Item 73.

SO ORDERED.

Dated: May 31, 2019
Buffalo, New York

*s/Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE